IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAWN LANDA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DPK COMMUNITIES, LLC, DENNIS PASQUELINO, KATHI LYONS,<br><br>　　　　Defendant. | 21 CV 1529 |

COMPLAINT

NOW COMES Plaintiff Shawn Landa, by and through his attorney Jonathan Lubin, and Complains of DPK Communities, LLC, Dennis Pasquelino and Kathi Lyons, stating:

Introduction

1. This is a civil action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*, 42 U.S.C. § 1981, *et seq*, and common law.

Jurisdiction and Venue

2. This Court has jurisdiction over matters alleged herein pursuant to 28 U.S.C. § 1331. It has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §§ 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Illinois.

Parties

4. Shawn Landa is a resident of the Northern District of Illinois. For the relevant period, and up until February, 2020, he was an employee of DPK Communities LLC.

5. DPK Communities, LLC is limited liability company located in Virginia.

6. Dennis Pasquelino and Kathi Lyons are the operators of DPK Communities, LLC. They presently reside in the Commonwealth of Massachusetts.

Facts Common to All Counts

7.     In January 2019, Landa entered into a contract Dennis Pasquelino to perform services for DPK Communities, LLC. At that time, the terms of the contract were unclear, but he promised to compensate Landa for work done from January 2019 at whatever rate was ultimately agreed upon.

8.     During the period during which the parties were negotiating the terms of Landa's contract, Landa was not paid.

9.     He was willing to continue working under these conditions only due to Pasquelino's promises that he would be given back pay once a contract was decided upon.

10.     His position was not managerial, and was in no way exempt from the requirements of the Fair Labor Standards Act. He similarly was not an owner or shareholder in Defendant's LLC.

11.     Eventually, in May 2019, Defendants agreed to pay him $70,000/year.

12.     Payment began in October, but no back pay was ever paid to Landa, despite requests.

13.     In January 2020, Defendants ceased paying Landa, but did not notify him of anything.

14.     Finally, two weeks after ending payments to Landa, Kathi Lyons told him, in effect, that they would no longer be compensating him.

15.     Plaintiff has demanded back pay (both from January 2019-October 2019, and two months in 2020), but the demand has been ignored and rejected.

## COUNT I – FAIR LABOR STANDARD ACT
## 29 U.S.C. §§ 206, 216

16.     Plaintiff worked from January 2019 through October 2019 without being paid minimum wage of $7.25/hour. Indeed, Plaintiff was paid nothing during this time.

17.     Further, Plaintiff was not paid for the hours he worked at the agreed upon rate.

     WHEREFORE, Plaintiff requests that this Honorable Court enter an order finding that Defendants are liable under the Fair Labor Standards Act, and awarding Plaintiff damages, liquidated damages, costs, reasonable attorney's fees, and any other remedy that this Court finds just and equitable.

## COUNT II – Common Law Breach of Contract

18.     On July 1, 2019, Plaintiff was given a written contract promising annual compensation of $70,000.

19. Plaintiff was promised from January 2019 to July 2019 that he would be paid for that period at whatever level of compensation was ultimately agreed upon.

20. Plaintiff was not paid pursuant to the contract until October, 2019.

21. He was never given back pay either to January, 2019 or to July, 2019.

22. Furthermore, the Contract, by its terms, requires 30 days' notice for either side to terminate the contract.

23. Defendants, through Lyons, unilaterally terminated the contract in February 2019.

24. Despite the clear language of the contract, Plaintiff was not paid for the two weeks prior to his termination or the two weeks thereafter.

WHEREFORE, Plaintiff requests that this Honorable Court enter an order finding Defendants liable for common law breach of contract, and award him damages arising under the contract, costs, and any other relief this court finds just and equitable.

## COUNT III – Common Law Breach of Contract Implied in Law
Plead in the alternative to portions of Count II

25. Alternatively, even if there was no written contract or agreement for employment between January 2019 and July 2019, there was nonetheless a contract implied in law for compensation between Plaintiff and Defendant employers inasmuch as he was only working because he was told he would be paid.

Respectfully Submitted,

s/Jonathan Lubin
Attorney for Plaintiff

Jonathan Lubin
8800 Bronx Ave.
Suite 100H
Skokie, IL 60077
773 954 2608
jonathan@lubinlegal.com

**Plaintiff Requests Trial by Jury**