IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Shawn Landa, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) No. 21-cv-1529 |
| | ) |
| | ) |
| DPK Communities, LLC et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

<u>Memorandum Opinion and Order</u>

Plaintiff Shawn Landa brings the instant action against DPK Communities, LLC ("DPK"), his former employer, as well as against Dennis Pasqualino[1] and Kathi Lyons, DPK's alleged operators, asserting claims for unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and common-law contract theories. Defendants now move to dismiss the action under Federal Rule of Civil Procedure 12(b)(2) on the grounds that this court lacks personal jurisdiction over them. For the reasons that follow, the motion to dismiss [17] is denied without prejudice.

---

[1] Mr. Landa sued Dennis "Pasquelino," but because Mr. Pasqualino indicated in his affidavit that Mr. Landa misspelled his last name, *see* ECF No. 18-1 ¶ 3, I will refer to him here as Mr. "Pasqualino," which I understand to be the correct spelling.

I.

A federal complaint "need not include facts alleging personal jurisdiction." *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (citing *Steel Warehouse of Wis., Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998)). However, once a Rule 12(b)(2) motion to dismiss is filed, the burden falls upon the plaintiff to demonstrate that personal jurisdiction exists. *Id.* Where, as here, an evidentiary hearing has not been held, the plaintiff may meet his burden by establishing a prima facie case of personal jurisdiction. *Id.* The plaintiff "is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record," including having "any conflicts in the affidavits resolved in its favor." *Id.* With the briefing on the instant motion, the parties submitted affidavits from Mr. Pasqualino, Ms. Lyons, and Mr. Landa. Conflicts in the affidavits are resolved in favor of Mr. Landa.

The relevant facts are as follows. DPK is a limited liability company organized under the laws of Virginia with its principal place of business in Richmond, Virginia. ECF No. 18-1 ¶ 5. DPK's sole business is that it owns and operates a mobile-home park in Richmond. *Id.* ¶ 8. Mr. Pasqualino, who lives with his wife, Ms. Lyons, in Attleboro, Massachusetts, owns two-thirds interest in DPK. *Id.* ¶¶ 3-4, 6.

Mr. Pasqualino and Mr. Landa first met at an April 2018 Manufactured Housing Institute trade show in Las Vegas, Nevada. *Id.* ¶ 10. Mr. Landa, an Illinois resident, ECF No. 24-1 ¶ 5, approached Mr. Pasqualino at the trade show to propose a contractual arrangement under which Mr. Landa would locate off-market mobile-home parks for Mr. Pasqualino for potential purchase, ECF No. 18-1 ¶ 11. By October 2018, Mr. Landa began "soliciting" DPK with communications showing mobile-home properties for sale. *Id.* ¶ 12.

DPK hired Mr. Landa in January 2019. ECF No. 1 ¶ 7; *see also* ECF No. 24-1 ¶ 4. Mr. Landa performed a variety of jobs for DPK, including locating mobile-home communities around the country in which DPK could potentially invest and performing certain management duties with respect to the Richmond mobile-home park. ECF No. 24-1 ¶¶ 2-3. At some point, Mr. Landa began travelling to Virginia and staying at a rented condominium for one or two weeks at a time so he could better care for the Virginia property. *Id.* ¶ 4. Mr. Landa did not move to Virginia, however, and performed most of his duties from his home in Chicago. *Id.* ¶ 5, 7.

The parties negotiated Mr. Landa's pay over several months, and eventually settled on a rate of $70,000 per year. ECF No. 1 ¶ 11. Mr. Landa received his first paycheck in October 2019, but he did not receive any back pay. *Id.* ¶ 12. In January 2020, Defendants ceased paying Mr. Landa and subsequently let him know

they would not be compensating him further. *Id.* ¶¶ 13-14. Mr. Landa now seeks back pay for his work from January through October 2019, as well as for a period in 2020 after Defendants ceased paying Mr. Landa. *Id.* ¶ 15.

## II.

"In a federal question case such as this one, a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Hous. Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). The federal statute at issue here--the FLSA--does not allow for nationwide service. *Nicks v. Koch Meat Co.*, 16-cv-6446, 2016 WL 6277489, at *3 (N.D. Ill. Oct. 27, 2016) (St. Eve, J.) (citing 29 U.S.C. § 216(b)). Accordingly, I must turn to the Illinois long-arm statute, which permits the exercise of personal jurisdiction if it would be allowed under either the United States Constitution or the Illinois Constitution. 735 Ill. Comp. Stat. 5/2-209(c). "[T]here is no operative difference between these two constitutional limits." *Mobile Anesthesiologists*, 623 F.3d at 443. Thus, I proceed to the question of whether exercise of personal jurisdiction would violate federal due process.

"The Due Process Clause authorizes personal jurisdiction over out-of-state defendants when the defendant has 'certain minimum

4

contacts with [the state] such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."'" *Kipp v. Ski Enter. Corp. of Wis., Inc.*, 783 F.3d 695, 697 (7th Cir. 2015) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). There are two types of personal jurisdiction--general and specific. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). General jurisdiction "extends to 'any and all claims' brought against a defendant," but may be exercised "only when a defendant is 'essentially at home' in the State." *Id.* (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

Here, Mr. Landa does not counter Defendants' arguments that this court lacks general jurisdiction. ECF No. 18 at 5-7; ECF No. 24 at 2-4. Accordingly, Mr. Landa "has not carried [his] burden to establish general jurisdiction over Defendants." *See Retreat Properties, LLC v. KA Designworks Inc.*, No. 17 C 5608, 2018 WL 4339378, at *4 (N.D. Ill. Sept. 11, 2018). Moreover, Mr. Landa does not contest that "DPK has never done business in Illinois," including never having "maintained a physical presence" in Illinois or "sold or solicited for purchase or sale any product or service in Illinois." ECF No. 18-1 ¶ 9. As a result, it is difficult to see how Defendants might be "essentially at home" in Illinois for purposes of general jurisdiction.

The parties do dispute, however, whether or not Defendants' contacts with Illinois are sufficient to support specific jurisdiction. Specific jurisdiction "covers defendants less intimately connected with a State, but only as to a narrower class of claims." *Ford Motor Co.*, 141 S. Ct. at 1024. "The contacts needed for this kind of jurisdiction" require the defendant to "take 'some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum state.'" *Id.* (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). "The[] [contacts] must show that the defendant deliberately 'reached out beyond' its home--by, for example, 'exploit[ing] a market' in the forum State or entering a contractual relationship centered there." *Id.* at 1025 (citing *Walden v. Fiore*, 571 U.S. 277, 285 (2014)). But "because the defendant is not 'at home,'" the forum State may exercise jurisdiction only when the claims at issue "arise out of or relate to the defendant's contacts." *Id.*

Here, Mr. Landa has met his prima facie burden to show Defendants had sufficient minimum contacts with Illinois for purposes of specific jurisdiction. This case is similar to *Citadel Group Ltd. v. Washington Regional Medical Center*, where an Arkansas corporation engaged an Illinois-headquartered company to do preliminary development work in connection with planned construction of a medical office building in Arkansas. 536 F.3d 757, 758-60 (7th Cir. 2008). The Seventh Circuit held the Arkansas

company's contacts with Illinois were sufficient to establish specific personal jurisdiction. *Id.* at 764. It reasoned that although "formation of the contract alone [wa]s not sufficient . . . , the parties had continuing obligations and repeated contacts" during the Illinois company's engagement. *Id.* at 763. "[W]hile the end result would have been construction of a building in Arkansas," the preliminary agreement between the parties "encompassed *only* project development, which consisted entirely of administrative services carried out (for the most part) in Illinois." *Id.* at 764. Accordingly, the Arkansas company "should have reasonably anticipated being haled into court in Illinois." *Id.; see also Retreat*, 2018 WL 4339378, at *6 (finding sufficient contacts for specific personal jurisdiction in Illinois where Illinois-headquartered company hired Colorado-based firm for architectural design of Colorado property and "contract contemplated significant administrative work from Illinois").

Here, as in *Citadel*, the defendant company engaged the plaintiff to perform administrative work in Illinois involving property in another state. Per Mr. Landa's affidavit, although he had certain duties with respect to the Virginia mobile-home park, "most" of his work for Defendants was performed in Illinois. ECF No. 24-1 ¶ 7. In other words, Defendants purposely availed themselves of Mr. Landa's services in Illinois. And because the instant action for unpaid wages "arises out of or relates to" Mr.

Landa's employment arrangement with Defendants, *see Retreat*, 2018 WL 4339378, at *7, Defendants' contacts were sufficient to establish specific personal jurisdiction.

Defendants assert that any work Mr. Landa performed in Illinois was without their knowledge, and contrary to instructions that Mr. Landa should perform his services from Virginia. *See* ECF No. 25 at 2; ECF No. 18-1 ¶ 14. But this is difficult to square with the submitted testimony. Mr. Landa asserts--and I must credit that assertion at this stage--that he was hired in January 2019 and worked for the duration of that year. ECF No. 1 ¶¶ 7, 13-15; *see also* ECF No. 24-1 ¶ 4. Mr. Pasqualino and Ms. Lyons both testified that they travelled to Illinois in 2019 for Ms. Lyons's high school reunion, and that they met socially with Mr. Landa and his wife in Illinois during that visit. ECF No. 18-1 ¶¶ 16-17; ECF No. 18-2 ¶¶ 9-10. Defendants must have known, in other words, that Mr. Landa could be found in Illinois during the period in which he was working, and must, therefore, have at least acquiesced to his working outside of Virginia.

I also conclude that it would comport with fair play and substantial justice for Defendants to be subject to personal jurisdiction in Illinois. "The state has a strong interest in protecting [Mr. Landa and any other actors] engaged in [administrative work] for [Defendants], and it is fair for

[Defendants] to answer for any obligations [they] incurred in Illinois." *Citadel*, 536 F.3d at 764.

III.

Although I hold Mr. Landa has met his burden to establish a prima facie case of specific personal jurisdiction, the inquiry does not end there. "If material facts about personal jurisdiction are in dispute, the court '*must* hold an evidentiary hearing to resolve them.'" *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 912 (7th Cir. 2015) (emphasis added) (citing *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)). "The timing of that hearing is left to the discretion of the district court"--I may order a pre-trial hearing or defer the hearing until trial. *MacNeil Auto. Prods., Ltd. v. Cannon Auto. Ltd.*, No. 08 C 0139, 2012 WL 2396121, at *3 (N.D. Ill. June 22, 2012) (citing Fed. R. Civ. P. 12(b)(2)).

Here, there are several material facts in dispute pertaining to personal jurisdiction. The parties disagree, for example, on how long Mr. Landa was employed, the nature of his work, and whether work was performed (or authorized to be performed) in Illinois. Accordingly, I must order a hearing. Although I could defer the matter to trial, particularly given that many of the factual issues here will also be relevant to the merits, "normally the better practice is to decide dispositive threshold issues at the outset and spare the parties the burden of a trial." *Rice v.*

*Nova Biomedical Corp.*, 38 F.3d 909, 915 (7th Cir. 1994). I will set a status hearing to discuss the timing and logistics of the hearing. For the time being, the motion to dismiss is denied without prejudice.

IV.

For the foregoing reasons, the motion to dismiss for lack of personal jurisdiction [17] is denied without prejudice.


          **ENTER ORDER:**

          **Elaine E. Bucklo**
          United States District Judge

Dated: January 10, 2022